UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| MELISSA REESE AND GREGORY REESE, § § § Plaintiffs § § CIVIL ACTION NO. VERSUS § § MAISON INSURANCE COMPANY, § § Defendant § | |

## INDEX OF MATTERS BEING FILED

The following is an index of all documents that clearly identifies each document and indicates the date the document was filed in the 136th Judicial District Court, Jefferson County, Texas (if applicable) in this case:

| **Exhibit** | **Date** | **Document** |
|---|---|---|
| B-1 | 03/19/2019 | Plaintiffs' Original Petition |
| B-2 | 03/20/2018 | Citation – Plaintiff's Original Petition |
| B-3 | 03/27/2019 | Issuance of Citation – Plaintiffs' Original Petition |
| B-4 | 04/01/2019 | Return of Service – Plaintiffs' Original Petition |

[signature on following page]

1



EXHIBIT A

Respectfully submitted,

**BARRY & COMPANY, LLC**

/s/ *Stephen R. Barry*
STEPHEN R. BARRY
*A Professional Law Corporation*
(TX Bar Roll No. 24082195)
Southern District of Texas Federal ID No. 3205201
612 Gravier Street
New Orleans, Louisiana 70130
Telephone: (504) 525-5553
Facsimile: (504) 525-1909
Email: sbarry@barrylawco.com
***Attorneys for MAISON INSURANCE COMPANY***

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has this date been serviced on all counsel of record in this proceeding by:

|     |     |     |     |
| --- | --- | --- | --- |
| ( ) | Hand Delivery | ( ) | Prepaid U.S. Mail |
| ( ) | Facsimile | ( ) | Federal Express |
| (x) | Electronic Mail | ( ) | PACER or other Court notification |

New Orleans, Louisiana this 22nd day of April, 2019.

/s/ *Stephen R. Barry*
**STEPHEN R. BARRY**

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
3/19/2019 1:20 PM
JAMIE SMITH
DISTRICT CLERK
D-203526

CAUSE NO. D-203526

| | | |
|---|---|---|
| MELISSA REESE AND GREGORY REESE | § § § | IN THE DISTRICT COURT OF |
| VS. | § § | JEFFERSON COUNTY, TEXAS |
| MAISON INSURANCE COMPANY | § | 134th JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, MELISSA REESE and GREGORY REESE, Plaintiffs herein, who file this their Original Petition against Defendant, MAISON INSURANCE COMPANY, and for cause of action would respectfully show the Court as follows:

### I.
### THE PARTIES

1. Plaintiffs, MELISSA REESE and GREGORY REESE, are individuals who reside in Jefferson County, Texas.

2. Defendant, MAISON INSURANCE COMPANY, is a foreign insurance company registered to engage in the business of insurance in the State of Texas. This Defendant may be served with process by certified mail, return receipt requested, by serving its Attorney for Service, C T Corporation System, at 1999 Bryan Street, Suite 900, Dallas, TX 75201.

### II.
### DISCOVERY

3. Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.



EXHIBIT B-1

## III.
## CLAIM FOR RELIEF

4. The damages sought are within the jurisdictional limits of this court. Plaintiff currently seeks monetary relief for an amount less than $75,000.00.

## IV.
## JURISDICTION AND VENUE

5. This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court.

6. Venue is proper in Jefferson County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) because all or a substantial part of the events or omissions giving rise to the claim occurred in Jefferson County. In particular, the loss at issue occurred in Jefferson County.

## V.
## FACTUAL BACKGROUND

7. Plaintiffs are the named insured under a property insurance policy issued by MAISON INSURANCE COMPANY, for property located at 415 Westbury Road, China, Texas 77613.

8. On or about December 27, 2018, a wind storm hit the China, Texas area, damaging Plaintiffs house and other property. Plaintiffs subsequently filed a claim on their insurance policy. Defendant assigned claim number 13925 to Plaintiffs' claim.

9. Defendant improperly denied and/or underpaid the claim.

10. Charles Moore was assigned as an individual adjuster on the claim, conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that he noted during the inspection, and undervalued the damages she observed during the inspection.

11. Moore's unreasonable investigation led to the underpayment of Plaintiffs' claim.

12. Moreover, MAISON INSURANCE COMPANY performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses on the property.

## VI.
## CAUSES OF ACTION

13. Each of the foregoing paragraphs is incorporated by reference in the following:

**A. Breach of Contract**

14. MAISON INSURANCE COMPANY had a contract of insurance with Plaintiff. MAISON INSURANCE COMPANY breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

**B. Prompt Payment of Claims Statute**

15. The failure of MAISON INSURANCE COMPANY to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Article 542.051 *et seq.* of the Texas Insurance Code.

16. Plaintiff, therefore, in addition to Plaintiffs' claim for damages, is entitled to 18% interest and attorneys' fees as set forth in Article 542.060 of the Texas Insurance Code.

**C. Bad Faith/DTPA**

17. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

18. Defendant violated § 541.051 of the Texas Insurance Code by

  (1) making statements misrepresenting the terms and/or benefits of the policy.

19. Defendant violated § 541.060 by:

  (1) misrepresenting to Plaintiff a material fact or policy provision relating to coverage at issue;

(2)   failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3)   failing to promptly provide to Plaintiff a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

(4)   failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiff; and

(5)   refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

20.   Defendant violated § 541.061 by:

(1)   making an untrue statement of material fact;

(2)   failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

(3)   making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

(4)   making a material misstatement of law; and

(5)   failing to disclose a matter required by law to be disclosed.

21.   At all material times hereto, Plaintiff was a consumer who purchased insurance products and services from Defendant.

22.   Defendant has violated the Texas Deceptive Trade Practices Act in the following respects:

(1)   Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2) MAISON INSURANCE COMPANY failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed;

(3) MAISON INSURANCE COMPANY, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by the DTPA § 17.50(a)(1)(3) in that MAISON INSURANCE COMPANY took advantage of Plaintiffs' lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Insurance Code.

23. Defendant knowingly committed the acts complained of herein. As such, Plaintiffs are entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code § 541.152(a)-(b).

**D.   Attorneys' Fees**

24. Plaintiffs engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

25. Plaintiffs are entitled to reasonable and necessary attorney's fees pursuant to TEX. CIV. PRAC. & REM. CODE §§ 38.001-38.003 because they are represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

26. Plaintiffs further pray that they be awarded all reasonable attorneys' fees incurred in prosecuting their causes of action through trial and any appeal pursuant to Sections 541.152 542.060 of the Texas Insurance Code.

## VII.
## CONDITIONS PRECEDENT

27. All conditions precedent to Plaintiffs' right to recover have been fully performed, or have been waived by Defendant.

## VIII.
## DISCOVERY REQUESTS

28. Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

29. You are also requested to respond to the attached interrogatories, requests for production and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that, upon final hearing of the case, they recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Plaintiffs be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

THE BYRD LAW FIRM, P.C.

*[signature]*

---

Jason M. Byrd
State Bar No. 24036303
Jason@txbyrd.com
448 Orleans Street
Beaumont, Texas  77701
(409) 924-0660/(409) 924-0035
ATTORNEYS FOR PLAINTIFF

## JURY DEMAND

Plaintiff respectfully demands a trial by jury.

*[signature]*

---

Jason M. Byrd

CITATION.

C0203526---00003

# THE STATE OF TEXAS

No. D-0203526

## MELISSA REESE ET AL
## VS. MAISON INSURANCE COMPANY

### CITATION

### 136th JUDICIAL DISTRICT COURT
### of JEFFERSON COUNTY, TEXAS

To: MAISON INSURANCE COMPANY
BY SERVING ITS REGISTERED AGENT
CT CORPORATION SYSTEM

by serving at:
1999 BRYAN STREET
SUITE 900
DALLAS, TX   75201

DEFENDANT:

NOTICE:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Said answer may be filed by mailing same to: District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX, 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve) or by bringing it to the office. The case is presently pending before the 136th District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 19th day of March, 2019. It bears cause number D-0203526 and is styled:

Plaintiff:

MELISSA REESE ET AL
VS.
MAISON INSURANCE COMPANY

Defendant:

The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

BYRD, JASON MICHAEL, Atty.
THE BYRD LAW FIRM 448 ORLEANS
BEAUMONT, TX  77701.0

The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (PLAINTIFF'S ORIGINAL) ATTACHED LETTER DESIGNATING ALL CASES EFILE accompanying this citation and made a part thereof.

Issued under my hand and the seal of said court, at Beaumont, Texas, this the 20th day of March, 2019.

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

BY _Valencia Simpson_ Deputy

Valencia

EXHIBIT
B-2

**CT Corporation**

**Service of Process Transmittal**
04/01/2019
CT Log Number 535208469

TO: Dean Stroud, Vice President of Operations
Maison Insurance Company
9100 Bluebonnet Centre Blvd Ste 502
Baton Rouge, LA 70809-2953

RE: **Process Served in Texas**

FOR: Maison Insurance Company (Domestic State: LA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | MELISSA REESE AND GREGORY REESE, PLTFS. vs. MAISON INSURANCE COMPANY, DFT. |
| DOCUMENT(S) SERVED: | Citation, Return, Original Petition |
| COURT/AGENCY: | 136th Judicial District Court Jefferson County, TX<br>Case # D0203526 |
| NATURE OF ACTION: | Insurance Litigation |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Dallas, TX |
| DATE AND HOUR OF SERVICE: | By Certified Mail on 04/01/2019 postmarked on 03/27/2019 |
| JURISDICTION SERVED: | Texas |
| APPEARANCE OR ANSWER DUE: | By 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition |
| ATTORNEY(S) / SENDER(S): | Jason M. Byrd<br>The Byrd Law Firm, P.C.<br>448 Orleans Street<br>Beaumont, TX 77701<br>409-924-0660 |
| ACTION ITEMS: | SOP Papers with Transmittal, via UPS Next Day Air, 1ZX212780121511554 |
| SIGNED:<br>ADDRESS: | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201 |
| TELEPHONE: | 214-932-3601 |

EXHIBIT B-3

Page 1 of 1 / SK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

## RETURN OF SERVICE

D-0203526        136th JUDICIAL DISTRICT COURT
MELISSA REESE ET AL
MAISON INSURANCE COMPANY

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of _____, 20____.

_____, Officer
_____, County, Texas
By: _____, Deputy

**ADDRESS FOR SERVICE:**
MAISON INSURANCE COMPANY
BY SERVING ITS REGISTERED AGENT
1999 BRYAN STREET
SUITE 900
DALLAS, TX 75201 0000

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20____, at _____ o'clock ____.m., and executed in _____, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

Name                  Date/Time                   Place, Course and Distance from Courthouse

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

FEES:
Serving Petition and Copy  $ _____
Total                      $ _____

_____, Officer
_____, County, Texas
By: _____, Deputy
_____
Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is
              (First, Middle, Last)

_____
(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # expiration of certification)

**EXHIBIT B-4**